IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ADRIAN Y. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-CV-1238-VEH |
| | ) |
| RONALD S. MCGHEE; GRIFFIS MOTOR LINES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This civil action was originally filed on May 13, 2016, in the Circuit Court of Talladega County, Alabama, by Adrian Y. Smith and Darnell Smith. (Doc. 1-1 at 5). The Plaintiff named as Defendants Ronald S. McGhee ("McGhee") and Griffis Motor Lines, Inc. ("Griffis"). (Doc. 1-1 at 5).[1] The Complaint contains two counts. Count One alleges that McGhee, as an agent of Griffis, "negligently, recklessly and/or wantonly operated a tractor-trailer in such a manner as to cause his vehicle to cross into the Plaintiff's lane of travel and cause a collision with the Plaintiff's vehicle," resulting in physical injuries and damages to Adrian Smith. (Count One). Count Two

---

[1] Various fictitious party defendants were also named.

alleges that, as a result of the conduct described in Count One, Darnell Smith also suffered physical injuries and damages. (Count Two).[2] The case was removed to this Court on July 29, 2016. (Doc. 1). On December 13, 2016, this Court dismissed Darnell Smith's claims for failure to prosecute. (Doc. 17).

This case comes before the Court on the Defendants' Motion for Summary Judgment (the "Motion"). (Doc. 28). On August 7, 2017, this Court entered a "Notice and Scheduling Order," which, pursuant to the requirements of *McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993), "[gave the *pro se* Plaintiff] express, ten-day notice of the summary judgment rules, of [her] right to file affidavits or other materials in opposition to the motion, and of the consequences of default." (Doc. 30 at 1). That Order specifically informed the Plaintiff that her response to the motion was due no later than August 25, 2017. (Doc. 30 at 2). The Plaintiff filed nothing until October 5, 2017. (Doc. 33). Although it is late, the Court will consider that document to be the Plaintiff's response to the Motion for Summary Judgment. No reply brief has been filed by the Defendants.

For the reasons stated herein, the Motion will be **GRANTED** and this case will be **DISMISSED with prejudice**.

---

[2] A third count makes claims only against the fictitious parties.

## I. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor

of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16.

First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*[3]

---

[3] More recently, the Eleventh Circuit has affirmed this method, stating:

> [W]hen the summary judgment movant does not bear the burden of proof at trial, the movant may show "that there is an absence of evidence to support the non-moving party's case"; a negation of the non-moving party's claim is not required. See *Fitzpatrick*, 2 F.3d at 1115–16 (internal quotation marks omitted). If the movant shows that there is an absence of evidence, the non-moving party who bears the burden of proof at trial must contradict this showing by demonstrating "that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion." *Id.* at 1116. In the alternative, the non-movant may "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." *Id.* at 1116–17.

## II. UNDISPUTED AND ADMITTED FACTS

The following facts, which have been proffered by the Defendants, have not been disputed by the Plaintiff and are therefore deemed to be admitted:[4]

1. On May 17, 2014, Plaintiff Adrian Smith was involved in a motor vehicle accident when the 1996 Ford Mustang that she occupied came in contact with a 2009 International tractor-trailer owned by Defendant Griffis Motor Line Inc. and operated by its employee Ronald S. McGhee while both vehicles were traveling eastbound on Interstate 20 in Talladega County, Alabama. (See Ex. A[5], ¶ 6). The two (2) vehicle accident occurred at approximately 3:45 AM. (See Ex. C[6], No. 1).

2. The Accident was investigated by Alabama State Trooper Barry E. McBurnett. While at the accident scene Trooper McBurnett inquired of the Plaintiff, Adrian Smith, as to whether or not she suffered any injuries and she indicated that she was not injured in the accident. (See Ex. C, No. 2 and 3, and Ex. D Alabama Uniform Traffic Crash Report, DPS Case No. 4647350).

3. Plaintiff Smith indicated to Trooper McBurnett during his investigation that she had swerved the vehicle that she was operating to

---

*Doe v. Drummond Co.*, 782 F.3d 576, 603–04 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1168, 194 L. Ed. 2d 178 (2016).

[4] This Court's Uniform Initial Order, entered in this case on August 24, 2016, provides that: "*All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*" (Doc. 7 at 17) (italics in original). In this Court's Order of August 7, 2017, the Plaintiff was specifically advised that the requirements of this Order still applied. (*See* doc. 30 at 1-2).

[5] Exhibit "A" appears in the record as document 28-1 and is the Complaint.

[6] Exhibit "C" appears in the record as document 28-3 and is a copy of Requests for Admissions the Defendants contend that they served on the Plaintiff, and to which, the Defendants contend, the Plaintiff never responded.

avoid a large piece of tire debris in the roadway. She also admitted to Trooper McBurnett that she had lost control of her vehicle after swerving to avoid the debris and then traveled partially underneath the tractor-trailer being operated by Defendant McGhee. (See Ex. C, No. 4 and 5).

4.      Plaintiff Smith later went to Northeast [Alabama] Regional Medical Center in Anniston, Alabama arriving at approximately 5:07 AM []. While at the emergency room she told a physician at the hospital at 5:39 AM that her vehicle was moving at an unknown speed and that the vehicle was attempting to miss a tire in the road and hit an 18-wheeler causing her vehicle to run underneath the 18-wheeler. (See Ex. C, No. 7, 8, 9 and Ex. A attached to the Request for Admissions[7]).

5.      After being [later] transported to Brookwood Medical Center[,] Plaintiff Smith later informed her physicians [there] that she was driving on the freeway at around 4:00 AM and that there was a semi-truck in the left lane. [She stated that the] semi-truck's back-end was even with the front of her car. She further indicated that the tractor-trailer ran over a tire and that she swerved to avoid the tire and ended up wedged under the back end of the semi-truck. (See Ex. C, No. 10, 11 and Ex. B attached to the Request for Admissions[8]).

6.      Plaintiff Smith has also offered no facts indicating that Defendant McGhee was guilty of any wanton misconduct in causing or contributing to cause the subject accident. (See Ex. C, No. 6).

(Doc. 28 at 6-7, ¶¶1-6).

Because the Plaintiff is proceeding *pro se*, and because all of the

---

[7] Note that this citation refers to the Exhibit A which is "attached to the Requests for Admissions." That document appears in the record as pages 10-11 of document 28-3. It is a copy of physician's notes from Northeast Alabama Regional Medical Center.

[8] Note that this citation refers to the Exhibit B which is "attached to the Requests for Admissions." That document appears in the record as pages 12 and 13 of document 28-3. It is a copy of physician's notes from Brookwood Medical Center.

aforementioned facts are supported, for the most part, on the lack of a response to Request for Admissions, the Court has also examined the Requests for Admissions which, in pertinent part, ask her to admit:

1. That you were involved in a two-vehicle accident occurring on May 17, 2014 at approximately 3:45 a.m. with a vehicle being operated by Ronald S. McGhee, Sr.

2. That the accident was investigated by Alabama State Trooper Barry E. McBurnett.

3. That Trooper McBurnett inquired as to whether or not you were injured and your response to the trooper was that you were not injured in the accident.

4. That you advised Trooper McBurnett that you swerved the vehicle you were operating in order to avoid [sic] and struck a large piece of tire debris in the road.

5. That you advised Trooper McBurnett that you lost control of your vehicle after swerving to avoid the debris and traveled partially underneath the tractor trailer being operated by Ronald S. McGhee, Sr.

6. That you know of no facts to indicate that Ronald S. McGhee, Sr. was guilty of any wanton misconduct in causing or contributing to cause the accident.

7. That you were seen at the Northeast [Alabama] Regional Medical Center in Anniston, Alabama at approximately 5:07 a.m. on May 17, 2014.

8. That you told the emergency room physician at the Northeast Alabama Regional Medical Center on May 17, 2017 at 5:39 a.m. that your vehicle was moving at an unknown speed, and that "The vehicle was attempting to miss a tire in the road and hit an 18-wheeler causing

the vehicle to run under the truck."

9. That the attached record from Northeast Alabama Regional Medical Center dated May 17, 2014 is a true and correct copy of page 5 out of 5 pages of medical records kept by that hospital in the normal and ordinary course of their business.

10. That page 4 of 12 of records from Brookwood Medical Center dated May 17, 2014 at 12:38 a.m. contain the following: "Patient reports accident she was driving on the freeway at 0400 this morning. There was a semi-truck in the lane to the left that's [sic] back end was even with the front of her car. The truck ran over a tire and it shot up toward her car, she swerved to avoid it and ended up wedged under the back end of the semi."[9]

11. That the record referred to in the last Request for Admission is attached hereto and as Exhibit B and is a copy of a record kept in the normal and ordinary course of Brookwood Medical Center and is admissible into evidence as a medical record.[10]

12. That you have given inconsistent versions as to how the accident made the basis of this suit occurred.

13. That you have not personally paid any medical expenses you claimed to have incurred as a result of this accident.

14. That you have no records to show that you lost any wages from your employment as a result of this accident.

15. That you claim to have been employed at "Party City" on May 17, 2014.

---

[9] As noted previously, that document appears in the record as pages 10-11 of document 28-3.

[10] As noted previously, that document appears in the record as pages 12 and 13 of document 28-3.

16.  That the records from Party City reflect that your employment was terminated prior to the time of the accident made the basis of this suit.

17.  That an MRI was done to your right shoulder and lumbar spine by Dr. Donald Slappy on June 17, 2015 which is more than one year after the accident and both of those diagnostic tests were negative for any injury.

18.  That the attorney representing you in October of 2014 requested you [] seek treatment with Alabama Orthopedic Surgeons.

19.  That the first time that you sought chiropractic treatment for the injuries you claimed to have received in this accident was August 17, 2016 or approximately a year and a half from the time the accident happened.

20.  That you were sent by an attorney representing you to be treated by the chiropractor Forest Edwards.

21.  That you have no evidence to support your claim for punitive damages against the Defendants.

22.  That any medical expense you claim to have incurred as a result of this accident has either been written off by the provider of medical services or paid for through some collateral source.

23.  That the last day you worked for Party City was May 13, 2014.

24.  You were terminated from Party City effective May 14, 2014 because you missed four (4) scheduled shifts in a two week time period after starting to work there.

25.  That you testified under oath in your sworn deposition that you received an injury to your neck in this accident and that you had never been involved in any previous accident where you received any injury to your neck.

26. That the statement you had never received any injury to your neck before this accident was not a true and correct statement because you had been involved in a motor vehicle accident on May 9, 2011 where you claim to have received an injury to your neck.

(Doc. 28-3 at 4-8, ¶¶1-26) (citations and "RESPONSE" designation omitted). According to the Certificate of Service on the Requests for Admissions, they were served upon the Plaintiff on June 23, 2017, by mail at her address of record in this case. (Doc. 28-3 at 9). Furthermore, they appear to have been emailed to the Plaintiff. (*See* doc. 28-3 at 2). Counsel represented in the Motion for Summary Judgment that no response has ever been received. (Doc. 28 at 8, ¶8).

The Plaintiff's filing in response to the Motion for Summary Judgment reads entirely as follows:

Dear Honorable Judge Virginia Hopkins,

I Adrian Smith do verify that I have [been] working with Mr. Clark attorney for [the Defendants]. I have not received any documents that [were] mailed nor emailed to my account royalqueen[illegible]@gmail.com. He stated [the] he sent a settlement request through email [but] I never received [it]. Nor did he follow up with a paper document in the mail. Since I did not receive the email I [am] asking for you to please help [keep] my case open and go ahead to rule for what [is] fair for all my: pain and suffering/[illegible]/and medical bills. I am still seeking treatment from Dr. Forest [] Edwards. I have new injuries. My skull is not lining up to [my] spine due to [the] accident. I am still [having] complication[s] now that the weather is changing my body is taking a hard hit to getting well. Extremely emotional with raising three kids and no father on child support. I will ask you[] [r]ule please what it fair. I am asking Your Honor to [r]ule for

the [i]nsurance in my favor [$]1 million: minus my court cost, medical expenses, and pain and suffering that I will have for the rest of my life. My children are in sports [in the] Hoover school system. I really am exhausted on how [I] have been treated[.] I would appreciate in Jesus name fairness for myself and future of my kids.

(Doc. 33 at 1-2) (underlining in original). The filing is signed by "Adrian Smith," and notes her contact information as:

> Adrian Smith
> P.O. Box 82
> Briarfield, AL 35035

(Doc. 33 at 3). That is the same address noted on the certificate of service for the Requests for Admissions served upon her by the Defendants. (*See* doc. 28-3 at 9). It is also the record address for the Plaintiff in this Court's CM/ECF system.[11]

### III. ANALYSIS

#### A. All of the Facts Set Out in the Requests for Admissions Are Properly Deemed To Be Admitted

"The Eleventh Circuit has recognized that Rule 36 should be applied against parties proceeding *pro se* when the party received actual notice of the requests for admissions and failed to respond to them." *Manfred v. Everett*, No. CIV.A.1:04CV3223-TWT, 2006 WL 1627062, at *2, n. 1 (N.D. Ga. June 9, 2006) (Thrash, J.) (emphasis added) (*citing United States v. 2204 Barbara Lane*, 960 F.2d

---

[11] Attached to her response are what appear to be her chiropractor's notes of her treatment. (Doc. 33 at 4-6).

126, 129 (11th Cir.1992); *Stubbs v. Commissioner of I.R.S.*, 797 F.2d 936, 938 n. 1 (11th Cir.1986)). In the instant case, the Court notes that the Plaintiff states: "I have not received any documents that [were] mailed nor emailed to my account." (Doc. 33 at 1). One interpretation of this statement is that it relates only to the alleged "settlement request" she says she never received. However, an equally reasonable interpretation is that she did not in fact receive the Requests for Admissions.

It is improper to grant summary judgment based upon the failure to respond to requests for admissions in the absence of actual or constructive notice of them. *See J.D. Pharm. Distributors, Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1208 (11th Cir. 1990). In this case, the Plaintiff had constructive notice of the Requests for Admissions. Rule 5(b) of the Federal Rules of Civil Procedure provides that "[a] paper is served . . .by mailing it to the person's last known address–in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Following this procedure constitutes "constructive notice. *See*, *J.D. Pharm.*, 893 F.2d at 1208. In this case, the certificate of service on the Requests for Admissions reflects that they were sent to her address of record, the same address which she contends, in her latest filing, is her correct address. The plaintiff therefore received adequate constructive notice of the Requests for Admissions. *See, United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (*"In J.D. Pharmaceutical*[], we vacated the summary

judgment as to one defendant because that defendant never received actual or constructive notice of the plaintiff's requests for admissions. No such facts are claimed here.").

Pursuant to Rule 36(a)(3), the Plaintiff's failure to respond to the Requests for Admissions caused all the matters set out therein to be admitted. FED. R. CIV. P. 36(a)(3).

**B.      The Plaintiff Has Failed To Provide Evidence Supporting Her Claims**

"[A] district court sitting in diversity applies state substantive law." *Dragash v. Fed. Nat'l Mortg. Ass'n*, No. 16-12123, 2017 WL 2859508, at *2 (11th Cir. July 5, 2017) (*citing Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) ("It is well established that when a federal court considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law."). Recall that the Plaintiff sues for "Negligence/Recklessness/Wantonness." The Elements of negligence are "'duty, breach, proximate cause, and damage[ ].'" *Bond v. McLaughlin*, No. 1151215, 2017 WL 728176, at *4 (Ala. Feb. 24, 2017) (*quoting Pickard v. Turner*, 592 So.2d 1016, 1019 (Ala. 1992)). Further, the Alabama Supreme Court has explained:

> The determination of whether a party's act constitutes willfulness or wantonness depends on the facts of each particular case. *Ex parte*

*Anderson*, 682 So.2d 467 (Ala.1996).

" 'A majority of this Court, in *Lynn Strickland Sales & Service, Inc. v. Aero–Lane Fabricators, Inc.*, 510 So.2d 142 (Ala.1987), emphasized that wantonness, which requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence):

" ' "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....

" ' "Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. 'Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.' *McNeil v. Munson S.S. Lines*, 184 Ala. 420, [423], 63 So. 992 (1913)....

" ' "....

" ' " 'Willful and wanton conduct has a well-defined meaning at law. It is sometimes

expressed in terms of "reckless disregard of the safety of another." Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as "unmixable as oil and water." '

" ' "....

" ' " '... Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term "negligence," which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.' "

" '510 So.2d at 145–46 (citations omitted). *See also, Central Alabama Electric Cooperative v. Tapley*, 546 So.2d 371 (Ala.1989).'

"[*Ex parte Anderson*,] 682 So.2d [467] at 469–70 [ (Ala.1996) ]."

*Phillips ex rel. Phillips v. United Servs. Auto. Ass'n*, 988 So.2d 464, 467–68 (Ala.2008).

*Ex parte Dixon Mills Volunteer Fire Dep't, Inc.*, 181 So. 3d 325, 333 (Ala. 2015).

The Eleventh Circuit has stated:

[W]hen the summary judgment movant does not bear the burden of proof at trial, the movant may show "that there is an absence of evidence to support the non-moving party's case"; a negation of the non-moving party's claim is not required. See *Fitzpatrick*, 2 F.3d at 1115–16 (internal

16

quotation marks omitted). If the movant shows that there is an absence of evidence[12], the non-moving party who bears the burden of proof at trial must contradict this showing by demonstrating "that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion." *Id.* at 1116. In the alternative, the non-movant may "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." *Id.* at 1116–17.

*Doe v. Drummond Co.*, 782 F.3d 576, 603–04 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1168, 194 L. Ed. 2d 178 (2016). Although the "admissions" are a central part of the Defendants' argument, they also argue in their brief that

– "Plaintiff has also not show[n] any act committed by the Defendants that would amount to any breach of duty to her." (Doc. 28 at 10).

– "In the present case, there is no evidence of wantonness." (Doc. 28 at 11).

– "the Plaintiff has failed to put forth any independent evidence necessary to establish the requisite state of mind of Defendant McGhee needed to establish her count for wantonness. Evidence that the accident occurred, without evidence that the Defendant McGhee was conscious of the potential for an accident is insufficient to prove wantonness or recklessness under Alabama Law."

---

[12] The Supreme Court has stated: "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

– "Plaintiff has failed to present substantial evidence of wanton conduct by either Defendant McGhee or Griffis Motor Lines." (Doc. 28 at 12).

The Court hold that these arguments are sufficient to "point out" the lack of evidence to support the Plaintiff's claims.

The Plaintiff's response to the Motion fails to set out, or argue, any evidence in support of negligence, recklessness, or wantonness.[13] Accordingly, the plaintiff has failed to satisfy her burden, *see Drummond Co.*, 782 F.3d at 603–04, and summary judgment in favor of the Defendants is due to be granted.

## C. The Defendants Have Provided Affirmative Evidence Which Negates Elements of the Plaintiff's Claims

Furthermore, via the Plaintiff's admissions, and her failure to dispute the Defendants' proffered facts, the Defendants have affirmatively negated several elements of the Plaintiff's case. In particular, they have shown:

– that the Plaintiff has no facts indicating that Defendant McGhee was guilty of any wanton misconduct in causing or contributing to cause the subject accident. (Doc. 28 at 7, ¶6; doc. 28-3 at 5, ¶6).

– that the Plaintiff has not personally paid any medical expenses as a result of this accident. (Doc. 28-3 at 6, ¶13; doc. 28-3 at 7, ¶22).

---

[13] Whatever value the chiropractic records she attaches to her response have, they do not establish that the Defendant breached any duty owed to her, or acted wantonly or recklessly.

– that the Plaintiff has no records to show that she lost any wages as a result of this accident. (Doc. 28-3 at 6, ¶14).

– that the Plaintiff has no evidence to support her claim for punitive damages against the Defendants. (Doc. 28-3 at 7, ¶21).

Based on this affirmative evidence as well, summary judgment is due to be granted in favor of the Defendant.

## IV. CONCLUSION

Based on the foregoing, the Motion for Summary Judgment is due to be **GRANTED**. A Final Order will be entered.

**DONE** and **ORDERED** this 17th day of October, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge